UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Sprurlock,

    Plaintiff,

v.

Detroit Dismantling,

    Defendant.
                                                      /

Case No. 13-11151

Honorable Nancy G. Edmunds

## ORDER AND OPINION DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DEPOSITIONS [25]

Plaintiff James Sprurlock alleges that his former employer, Defendant Detroit Dismantling, violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 et seq, when it terminated and/or laid him off in May, 2012, because he had a torn right labrum (shoulder joint) tear and surgery for that injury five years before, in 2007.

On October 14, 2013, Plaintiff filed a motion to compel depositions. (Dkt. 13.) He sought to compel the depositions of Bruce Joles, Jeff Dore, and John Menzo, alleging that they were all Plaintiff's supervisors and/or Defendant's agents at the time of Plaintiff's wrongful termination. (*Id.*) Plaintiff alleged that he noticed the depositions on September 20, 2013, but that Defendant had not indicated whether it would honor the notices. (*Id.*)

The Court referred the motion to compel to Judge Majzoub. (Dkt. 14.) On November 15, 2013, the parties, by stipulation, amended the scheduling order. (*Id.*) January 15, 2014

became the new discovery cut-off date and February 15, 2014 became the dispositive motion cut-off date. (Dkt. 15.)

On December 4, 2013, Plaintiff withdrew his motion to compel the depositions. (Dkt. 18.)

On January 30, 2014, Defendant filed its motion for summary judgment. (Dkt. 23.)

On February 4, 2014, Plaintiff filed a second motion to compel depositions. (Dkt. 25.) In his motion, he represents that he withdrew his first motion to compel because Defendant said that it would produce the requested individuals for deposition. (*Id.*)

On February 6, 2014, Defendant responded to Plaintiff's motion. (Dkt. 26.) Defendant represents, and attaches an email showing that the parties were discussing the depositions on January 9, 2014. (*Id.*) In the email, Defendant's counsel responded to Plaintiff's request to depose Joles, Strebb, and Dore. (*Id.*, Ex. A.) Defendant's counsel represented that he would check with dates for Dore. (*Id.*) Defendant's counsel further represented that he would need to check whether Joles was still an employee and also represented that Strebb was not an employee and that Plaintiff's counsel would have to subpoena him. On January 9, 2014, Defendant sent the last email in the email chain, asking what dates Plaintiff is available for those depositions. (*Id.*)

There is nothing in the record to show that the parties further exchanged communications.

Defendant argues that Plaintiff's failure is his own and that the Court should not allow Plaintiff to take the depositions after discovery has closed.

The Court vacated the order of reference to Judge Majzoub. (Dkt. 33.) The Court set a phone conference to discuss the motion to compel and the status of the case. Prior to

setting the time on the docket, the Court reached out to the parties to find a time that was convenient for the parties.  The Court set the time for the phone conference.  (Dkt. 32.)  On Friday, March 20, 2014, the parties were to appear by phone at 2 p.m.  While Defendant did appear, the Court tried several times to contact Plaintiff's counsel, including calling his assistant.  The Court was unable to reach Plaintiff's counsel.  Over an hour later, Plaintiff's counsel contacted the Court and said that he was unable to make the call, although he did not explain why.

The Court is advised in the premises of this motion to compel and has reviewed the pleadings.  The Court finds that a hearing is not necessary and disposes of one pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

Despite the withdrawal of the first motion to compel given the parties' agreement, the Court DENIES Plaintiff's second motion to compel depositions.  There is no indication that Plaintiff diligently pursued his second motion to compel.  He filed the motion after the close of the discovery period and only after Defendant filed its motion for summary judgment.  The Court finds further evidence of Plaintiff's failure to be diligent in not responding to Defendant's email.

The Court therefore DENIES Plaintiff's second motion to compel.  The hearing on Defendant's motion for summary judgment will go forward as planned.

So ordered.

                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated:  March 27, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2014, by electronic and/or ordinary mail.

                                                      s/Carol Bethel
                                                      Case Manager